J-S42026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL JAMES ROACH | |
| Appellant | No. 2005 WDA 2013 |

Appeal from the Judgment of Sentence November 22, 2013
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000351-2013

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 09, 2014**

A jury found Daniel Roach guilty of flight to avoid apprehension[1], and the trial court sentenced him to 36-72 months' imprisonment.  Roach filed a timely notice of appeal, but his counsel advised that he would file an ***Anders***[2] brief stating that there were no non-frivolous issues to raise on appeal.  Counsel subsequently filed an ***Anders*** brief in this Court along with a motion to withdraw as counsel.  We affirm, and we grant counsel's motion to withdraw.

While on parole from a New York felony conviction, Roach left New York and traveled to Bradford, Pennsylvania.  A New York court issued an arrest warrant for Roach for leaving New York while on parole.  New York

_____

[1] 18 Pa.C.S. § 5126.
[2] ***Anders v. California***, 386 U.S. 738 (1967).

parole authorities transmitted the warrant to Bradford police, who arrested Roach with the assistance of a Pennsylvania parole officer. A jury found Roach guilty of flight to avoid apprehension. Certified Record, Item 13 (verdict slip). The verdict slip also inquired whether Roach's crime in New York was a felony or a misdemeanor. The jury answered that it was a felony. *Id*.

On November 22, 2013, the trial court imposed sentence. On December 16, 2013, Roach filed a timely notice of appeal. On December 30, 2013, Roach's counsel filed a Pa.R.A.P. 1925(c)(4) statement that he intended to file an *Anders* brief.

In this court, Roach's counsel filed an *Anders* brief and an application to withdraw from representation pursuant to *Anders* and its Pennsylvania counterpart, *Commonwealth v. Santiago*.[3] Before addressing Roach's brief, we will first pass on the application to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

_____

[3] 978 A.2d 349 (Pa.2009).

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide a copy of the *Anders* brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Here, counsel stated in his motion to withdraw that he reviewed the record and determined there were no non-frivolous issues to raise on appeal. He explained that he notified Roach of his withdrawal request, supplied him with a copy of the *Anders* brief, and sent him a letter explaining his rights to proceed *pro se* or with substitute counsel and to raise any additional points worthy of the court's attention. *See* Letter to Roach, April 11, 2014, attached as Appendix to the Motion to Withdraw as Counsel. The *Anders* brief itself summarizes the facts and procedural history of the case with

citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, analyzes the evidence in light of Pennsylvania law, and concludes that the appeal lacks arguable merit. Accordingly, counsel has substantially complied with the procedural requisites of **Anders** and **Santiago**.

Counsel's **Anders** brief identifies one issue for consideration: "Was the evidence sufficient to support the jury's verdict?" **Anders** Brief, pp. 3-6. We agree with counsel that it was.

The following evidence was adduced during Roach's jury trial. On April 15, 2013, Agent Powers of the New York State Division of Parole advised Bradford Assistant Chief Michael Ward that New York authorities had issued an arrest warrant for Roach based on Roach's violation of New York parole. Roach was on parole from a New York conviction for a class C felony. Agent Powers advised that Roach would be found at 40 Pleasant Street in Bradford. N.T., 11/13/13 ("Tr."), pp. 6-11.

The trial court admitted into evidence a certificate of conviction from New York stating that Roach had a Class C felony conviction "from the Allegheny County Court[,] Belmont, New York." Tr., pp. 10-11.

Agent Powers faxed the arrest warrant to Assistant Chief Ward. Assistant Chief Ward and Officer David Feely, both of whom were in full uniform, drove a marked police car to 40 Pleasant Street. Tr., pp. 6-11. Two other officers also visited this address: Pennsylvania Parole Officer

Hartman, who wore plain clothes with a badge hanging on a chain around his neck and a bright yellow taser on his belt, and Bradford Police Officer Lama, who wore plain clothes and a badge and also had a firearm and vest. Tr., pp. 11-13.

Assistant Chief Ward and Officer Lama knocked on the door and announced "police", while Officer Feely and Agent Hartman covered the front and back of the residence. After knocking, Assistant Chief Ward and Officer Lama heard a loud banging sound inside the residence for about 30 seconds which sounded like someone banging into an interior wall and/or crawling in between the floors. When the noise subsided, Roach's wife, Jennifer Dinch, opened the door, and the officers stated that they had a warrant for Roach. Dinch permitted them to enter and search the house, but the officers could not find Roach. Tr., pp. 13-17, 32-35.

During the house search, Parole Agent Hartman, who was still outside the house, observed Roach burst out of the basement door. Agent Hartman yelled at Roach to stop, chased him across Pleasant Street into a yard, and tackled him as other officers converged to help. Roach attempted to run around Officer Feely during the chase. Feely struck Roach with his taser and yelled that he was under arrest, but the taser wires did not penetrate him. After Roach was tackled, he said "I'm done" and added that he was not ready to go back. Tr, pp. 17-21. When Assistant Chief Ward arrived at the scene, he recognized Roach from prior meetings. Tr., pp. 28, 43-53, 63-70.

Roach testified that he had not been living at 40 Pleasant Street prior to the incident in question but returned there because of death threats against his wife and her son. Tr., pp. 78-79. Roach's wife, Dinch, testified that she had received threats and had notified the police, but that to her knowledge, the police had not investigated the matter. Tr., p. 103. Roach claimed that he thought the police officers were actually men coming to kill his wife, so he ran away from the house to deflect the mens' attention from his wife. He admitted that he was in violation of New York parole by being in Pennsylvania.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the

> weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011).

18 Pa.C.S. § 5126, entitled "Flight To Avoid Apprehension," provides in relevant part:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

***Id***. The evidence demonstrates that (1) Roach was convicted of a felony in New York; (2) he traveled to this Commonwealth from New York while on parole for this felony; (3) he concealed himself in his wife's residence in this Commonwealth to avoid punishment or apprehension relating to his New York conviction; and (4) he attempted to escape, i.e., "move or travel" within this Commonwealth by fleeing from his wife's residence when Bradford police arrived. Thus, the evidence is sufficient to sustain Roach's conviction under section 5126.

Finally, our independent review of the record has revealed no non-frivolous claims that Roach could have raised, and we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2014