J-S62004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE WALTER JONES | |
| Appellant | No. 449 MDA 2016 |

Appeal from the Judgment of Sentence March 2, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004127-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 28, 2016**

Kyle Walter Jones ("Appellant") appeals from the March 2, 2016 judgment of sentence entered in the Lancaster County Court of Common Pleas following his guilty plea convictions for one count of burglary,[1] one count of conspiracy to commit burglary,[2] two counts of robbery,[3] one count of conspiracy to commit robbery,[4] two counts of unlawful restraint,[5] one

_____

[1] 18 Pa.C.S. § 3502.

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 3701.

[4] 18 Pa.C.S. § 903.

[5] 18 Pa.C.S. § 2902.

count of unlawful restraint of a minor,[6] and three counts of terroristic threats.[7] Appellant's counsel has filed an **Anders**[8] brief, together with a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

On March 2, 2016, Appellant entered a negotiated guilty plea to the above-referenced charges. On the same day, the trial court sentenced Appellant pursuant to the negotiated plea to an aggregate sentence of 7 to 20 years' incarceration.[9] On March 4, 2016, Appellant filed a *pro se* post-sentence motion for modification of the sentence imposed seeking to have his sentenced reduced to an aggregate sentence of two to ten years' incarceration. The trial court did not rule on Appellant's motion. Instead, the Prothonotary forwarded the motion to counsel on March 15, 2016, who filed a notice of appeal on March 17, 2016 in lieu of litigating Appellant's p*ro*

_____

[6] 18 Pa.C.S. § 2902.

[7] 18 Pa.C.S. § 2706.

[8] **Anders v. California**, 386 U.S. 738 (1967).

[9] Specifically, Appellant received three to eight years' incarceration on the burglary conviction; three to eight years' incarceration on the first robbery conviction, to be served consecutively to the burglary conviction; one to four years' incarceration for the unlawful restraint of a minor conviction, to be served consecutively to the burglary and robbery convictions; three to six years' concurrent incarceration on the second robbery conviction; two to four years' concurrent incarceration on the conspiracy to commit burglary conviction; and six to twenty-four months' concurrent incarceration for each of the unlawful restraint convictions.

*se* motion for modification. Counsel filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal on April 6, 2016.[10] The trial court filed its Pa.R.A.P. 1925(a) Opinion on April 19, 2016. On May 25, 2016, counsel filed the **Anders** brief together with a motion to withdraw as counsel with this Court. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to **Anders v. California** and its Pennsylvania counterpart, **Commonwealth v. Santiago**.[11] Before addressing the merits of Appellant's underlying issues presented, we must first pass on counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

[10] Counsel's Pa.R.A.P. 1925 filing stated that Appellant had no issues of arguable merit to raise on direct appeal. **See** Pa.R.A.P. 1925(c)(4).

[11] 978 A.2d 349 (Pa.2009).

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the *Anders* brief. The petition states counsel's determination that no non-frivolous appellate issues exist. *See* Petition to Withdraw As Counsel, ¶ 1. Further, counsel's letter to Appellant illustrates that counsel notified Appellant of his withdrawal request, forwarded a copy of the brief to Appellant, and explained Appellant's right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that

Appellant believed had merit.[12]  **See** Letter to Appellant, May 27, 2016.[13]  In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor.  **See Anders** Brief, pp. 5-11.  Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the discussion contained within the **Anders** brief, which relates to Appellant's *pro se* motion for modification.

_____

[12] The proofs of service attached to the **Anders** brief and counsel's Motion to Withdraw indicated counsel served the Lancaster County District Attorney's Office with these documents, but not Appellant.  Accordingly, on August 11, 2016, we ordered counsel to produce and file with this Court evidence of service of the **Anders** brief and Motion to Withdraw upon Appellant.  On August 12, 2016, counsel filed Counsel's Verification of Prior Service to Appellant, verifying counsel had indeed mailed Appellant copies of the **Anders** brief and Motion to Withdraw.  We would have accepted counsel's assertion that he sent Appellant copies of these documents had he made such an assertion in his original certificate of service.  Therefore, we now accept counsel's verification, made as an officer of the Court, that he served Appellant with copies of the **Anders** brief and Motion to Withdraw as indicated in his May 27, 2016 letter.

[13] In our August 11, 2016 judgment order, this Court improperly identified counsel's May 27, 2016 letter as counsel's March 27, 2016 letter.

Initially, because he was represented by counsel at the time he filed it, Appellant's post-sentence motion for modification was a nullity. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super.2007) (describing counseled defendant's *pro se* post-sentence motion as "a nullity, having no legal effect."). Additionally, Appellant waived any discretionary aspects of sentence claim by entering into a negotiated guilty plea in this matter. Generally, a plea of guilty constitutes a waiver of all defects and defenses excepting the voluntariness of the plea, the jurisdiction of the court and the legality of the sentence. *Commonwealth v. Stewart*, 867 A.2d 589, 591 (Pa.Super.2005). While this Court has ruled that an appellant may challenge the discretionary aspects of sentence after pleading guilty without an agreement to the terms of the sentence, appellants may not raise a discretionary aspects of sentence claim regarding a negotiated sentence. *Id.* As the trial court further explained:

> [Appellant] would not have been entitled to any relief [on his motion to modify sentence] because the length of [Appellant's] sentence was specifically agreed upon between the Commonwealth and [Appellant] as part of his plea agreement.
>
> . . .
>
> In this case, this [c]ourt thoroughly reviewed the terms of the plea agreement with [Appellant]. The charges [Appellant] was pleading guilty to and the sentence he would be receiving were clearly and unambiguously stated on the plea agreement form [Appellant] signed. Moreover, [Appellant] acknowledged on the record that he understood the terms of his plea. Because [Appellant's] plea contained a negotiated term of confinement, this [c]ourt did not have authority to later modify that sentence, absent consent from the Commonwealth. The Commonwealth clearly did not consent to a reduction in [Appellant's] sentence.

> Consequently, reducing [Appellant's] sentence would have impermissibly deprived the Commonwealth of the full benefit of the agreement it reached with [Appellant] and would have allowed [Appellant], in turn, to receive a windfall. Therefore, even if [Appellant] had properly filed a counseled post-sentence motion, his request to modify sentence would have been unsuccessful.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed April 19, 2016, p. 4.

We agree with counsel that Appellant's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016