**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Ralph D. PALM, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 2006.
Filed July 17, 2006.

Andrea E. Mertz, Public Defender, Reading, for appellant.

Douglas J. Waltman, Asst. Dist. Atty., Reading, for Com., appellee.

BEFORE: STEVENS, ORIE MELVIN, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Berks County following Appellant's conviction on two counts of Driving Under the Influence of Alcohol or Controlled Substance. In addition to this appeal, court-appointed counsel filed an *Anders* [1] brief and a petition for leave to withdraw representation based upon her determination that the appeal was wholly frivolous. After a careful review of both the certified record and the briefs of the parties, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history are as follows: On September 11, 2004, at approximately 9:30 p.m., Officer John Masciotti pulled Appellant, Ralph Douglas Palm, Jr., over for an inoperative headlight when Appellant was driving his Honda westbound on Route 422 and Point Road in Lower Heidelberg Township in Berks County, Pennsylvania. Officer Masciotti learned upon inspection that Appellant's inspection sticker was expired and his license was suspended. The officer smelled alcohol on Appellant and noticed that Appellant's eyes were glassy, which prompted him to ask Appellant to complete three standardized sobriety field tests. Appellant submitted to the field tests, which he failed to perform satisfactorily. After refusing to submit to chemical testing, claiming that he was an epileptic and the test could trigger a seizure, Appellant was placed under arrest for driving under the influence of alcohol.

¶ 3 On September 14, 2004, Appellant was charged with one count of Driving Under the Influence of Alcohol or Controlled Substance, 75 Pa.C.S. § 3802(a)(1). A preliminary hearing was held on October 26, 2004 and the charge was bound over for trial before the Berks County Court of Common Pleas. On November 18, 2004, Appellant was arraigned on two counts of Driving Under the Influence of Alcohol or Controlled Substance, 75 Pa.C.S. § 3802(a)(1), one count of General Lighting Requirements, 75 Pa.C.S. § 4303, and one count of Operation of Vehicle Without Official Certificate of Inspection, 75 Pa. C.S. § 4703(a).

¶ 4 At trial, during the *voir dire* proceeding, Prospective Juror Number Five identified defense counsel as "public defender," stating that he had previously testified in cases where "public defender" was involved. Immediately after this disclosure, Assistant Public Defender William Roemer requested the Court to declare a mistrial, claiming that this disclosure prejudiced Appellant. The trial judge noted this exception but refused to vacate the jury pool. Prospective Juror Number Five was eventually dismissed. Assistant

---

**1.** *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Public Defender Roemer did not investigate whether any of the other prospective jurors would be tainted by the juror's reference nor did the trial judge issue any type of instruction to the other jurors.

¶ 5 On September 1, 2005, a jury found Appellant guilty of two counts of Driving Under the Influence of Alcohol or Controlled Substance. Appellant was sentenced on November 3, 2005 to three to six months of incarceration.

¶ 6 On November 9, 2005, Appellant filed his Notice of Appeal, and on December 16, 2005, he filed a Concise Statement of Matters Complained of on Appeal. Subsequently, appellate counsel filed with this Court a petition seeking to withdraw her representation and an *Anders* brief.

¶ 7 "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997) (citation omitted).

To be permitted to withdraw from representation pursuant to *Anders* and its Pennsylvania equivalent, *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Kearns*, 896 A.2d 640, 643 (Pa.Super.2006) (citation omitted).[2] "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Townsend*, 693 A.2d 980, 982 (Pa.Super.1997) (citation omitted).

¶ 8 In her petition and brief, appellate counsel indicates that, after making a conscientious examination of the record and controlling law, she determined the appeal would be wholly frivolous. Therefore, appellate counsel has satisfied the first prong of the *Anders* test. Also, counsel filed a proper brief referring to the issue which could potentially support the appeal, provided Appellant with a copy of the brief, and informed Appellant of his right to file a *pro se* brief or to retain new counsel. Thus, the second and third requirements under *Anders* have been met. Therefore, this Court will proceed to an independent evaluation of the record in order to determine the accuracy of counsel's averment that the instant appeal is frivolous. *Townsend, supra.*

¶ 9 The sole issue appellate counsel raises on Appellant's behalf is whether the trial court erred in refusing to dismiss the jury panel upon objection when defense counsel was identified as a public defender. This is an issue of first impression.

¶ 10 In support of her argument, appellate counsel notes in her brief that the Philadelphia County Court of Common Pleas addressed a similar issue in *Commonwealth v. Dunson*, 11 Phila.Co.Rptr. 339, 1984 WL 320915 (Pa.Com.Pl.1984).[3]

2. We note that Appellant has failed to file a timely *pro se* brief or retain private counsel for this appeal.

3. We note that while trial court opinions are not binding precedent on this Court, we adopt the reasoning of the Philadelphia Court of Common Pleas.

In this case, a testifying officer identified the defendant as seated "at the table with the Public Defender." *Id.* at 343. The defendant then argued that this disclosure revealed to the jury his status as an indigent, denying him equal protection of the laws. *Id.* The Philadelphia Court relied on *Springer v. Alaska,* 666 P.2d 431 (Alaska Ct.App.1983), which held that indigent defendants do not have the right to any particular attorney, only to effective representation. *Dunson,* 11 Phila.Co.Rptr. at 343, 344. The Philadelphia Court held,

[the] defendant, whether he is an indigent or not, is not entitled to any particular attorney, and any reference to counsel as the public defender is insignificant and does not violate equal protection. In fact, to this Court's knowledge, no Pennsylvania cases accept defendant's argument that reference to counsel as public defender violates defendant's equal protection rights.

*Dunson,* 11 Phila.Co.Rptr. at 344.

¶ 11 Similarly, in *Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), the United States Supreme Court held that although an indigent must receive substantial equality compared to the legal assistance that a defendant with paid counsel would receive in a criminal appeal, absolute equality is not required. *Id.* at 277, 120 S.Ct. 746. We now adopt the reasoning of the Philadelphia Court of Common Pleas and hold that "any reference to counsel as the public defender is insignificant and does not violate equal protection." *Dunson,* 11 Phila.Co.Rptr. at 343.

¶ 12 Furthermore, nothing in the record indicates that the jury panel was tainted. Counsel's request for a new jury panel was denied but he was permitted to ask the prospective jurors if they would still be impartial after learning the defense

attorney was a public defender. Counsel failed to do so.

¶ 13 In addition to examining the sole issue presented by appellate counsel in her *Anders* brief, we have conducted an independent review of the entire record and we cannot discern any other potentially non-frivolous issues. Therefore, we grant the Petition for Leave to Withdraw filed on May 5, 2006 and affirm the judgment of sentence.

¶ 14 Counsel's Petition to withdraw is Granted and judgment of sentence is Affirmed.