J-S43004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LYNDSEY ELLEN LEH | |
| Appellant | No. 2088 MDA 2015 |

Appeal from the Judgment of Sentence October 16, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002816-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                        **FILED JULY 06, 2016**

Appellant, Lyndsey Ellen Leh, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following her convictions of accidents involving damage to attended vehicle or property, driving while operating privilege is suspended or revoked, and duty to give information and render aid.[1]  We affirm and grant counsel's petition to withdraw.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

As a preliminary matter, counsel seeks to withdraw her representation

---

[1] 75 Pa.C.S.A. §§ 3743(a), 1543(a), and 3744(a), respectively.

pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). ***Anders*** and ***Santiago*** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are

---

[2] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

references to anything in the record that might arguably support the appeal.

\* \* \*

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw.  The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous.  Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention.  (**See** Letter to Appellant, dated March 7, 2016, attached to Petition for Leave to Withdraw as Counsel).  In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case.  Counsel's argument refers to relevant law that might arguably support Appellant's issues.  Counsel further states the reasons for

- 3 -

her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issues on Appellant's behalf:

WHETHER THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS FOR ACCIDENTS INVOLVING DAMAGE TO ATTENDED VEHICLE OR PROPERTY, DRIVING WHILE OPERATING PRIVILEGE IS SUSPENDED OR REVOKED, AND DUTY TO GIVE INFORMATION AND RENDER AID, IN THAT COMMONWEALTH FAILED TO ESTABLISH BEYOND A REASONABLE DOUBT EVERY MATERIAL ELEMENT[] OF THESE CRIMES?

WHETHER THE VERDICTS OF GUILTY OF ACCIDENTS INVOLVING DAMAGE TO ATTENDED VEHICLE OR PROPERTY, DRIVING WHILE OPERATING PRIVILEGE IS SUSPENDED OR REVOKED, AND DUTY TO GIVE INFORMATION AND RENDER AID ARE CONTRARY TO THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL?

(**Anders** Brief at 7).

Section 3743 of the Pennsylvania Motor Vehicle Code defines accidents involving damage to attended vehicle or property as follows:

**§ 3743.  Accidents involving damage to attended vehicle or property**

**(a)  General rule.**—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).  Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3743(a).

Section 1543 of the Pennsylvania Motor Vehicle Code defines driving while operating privilege is suspended or revoked as follows:

> **§ 1543.    Driving while operating privilege is suspended or revoked**
>
> **(a)    Offense    defined.**—Except    as    provided    in subsection(b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a).  "Proof of actual notice of the suspension of an appellant's operator's license is necessary to establish an essential element of the crime of operating a motor vehicle while one's operator's license is suspended."  *Commonwealth v. Baer*, 682 A.2d 802, 805 (Pa.Super. 1996).

Section 3744 of the Pennsylvania Motor Vehicle Code defines duty to give information and render aid as follows:

> **§ 3744.  Duty to give information and render aid**
>
> **(a)    General rule.**—The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give the information and upon request exhibit the license and information relating to financial responsibility to any

police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person.

75 Pa.C.S.A. § 3744(a).  This Court applies "the doctrine of 'substantial compliance' when determining whether drivers have fulfilled the requirements of [Section 3744(a)]."  *Commonwealth v. Long*, 831 A.2d 737, 741 (Pa.Super. 2003), *appeal denied*, 576 Pa. 721, 841 A.2d 530 (2003).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Paul M. Yatron, we conclude Appellant's issues on appeal merit no relief.  The trial court opinion comprehensively discusses and properly disposes of the questions presented.  (*See* Trial Court Opinion, filed January 12, 2016, at 3-5) (finding: **(1)** Commonwealth introduced evidence that Ms. Trumbore lent her Oldsmobile to her daughter, Ms. Lehrman, with understanding that Appellant would drive Ms. Lehrman around to run errands; Mr. Wassel, driver of other vehicle involved in accident, stated he observed two females in Oldsmobile immediately before accident; Ms. Lehrman testified that she was passenger and Appellant was driver of vehicle at time of accident; Ms. Lehrman also stated that Appellant fled scene of accident due to outstanding warrants; Ms. Lehrman further testified that she called Appellant in Officer

Cedeno's presence and asked Appellant to return to scene of accident, but Appellant refused due to her outstanding warrants; based on this evidence, sufficient evidence existed to conclude Appellant was driver of Oldsmobile when accident occurred; thus, Appellant's convictions are supported by sufficient evidence; **(2)** Commonwealth introduced substantial evidence of Appellant's guilt; with exception of Appellant's testimony, other testimonial evidence introduced at Appellant's trial was almost entirely consistent; court determined that Appellant's testimony was incredible; court indicated that Appellant's denial of her presence in Oldsmobile at time of accident, scheduled dentist appointment on day of accident, and previous attendance at Alcoholics Anonymous meetings demonstrated Appellant's lack of credibility; court also rejected Appellant's testimony that she did not know what Ms. Lehrman was talking about when Appellant received call from Ms. Lehrman around time of accident; court further noted accident occurred one block from Appellant's workplace, when one of Appellant's errands that day was to retrieve her paycheck; court properly determined Appellant's convictions were supported by weight of evidence). Following our independent review of the record, we conclude the appeal is frivolous. ***See Palm, supra***. Accordingly, we affirm on the basis of the trial court opinion and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 7/6/2016

COMMONWEALTH OF       :   IN THE COURT OF COMMON PLEAS OF
PENNSYLVANIA          :   BERKS COUNTY, PENNSYLVANIA
                        :   CRIMINAL DIVISION

        v.                  :
                        :   No. CP-06-CR-0002816-2015

LYNDSEY LEH,            :
      APPELLANT       :   PAUL M. YATRON, PRESIDENT JUDGE

Adam McNaughton, Esq., Attorney for the Commonwealth
Rachel L. Keung, Esq., Attorney for the Appellant on Appeal
Kathryn L. Hinner, Esq., Attorney for the Appellant at Trial

**1925(a) Opinion**                                                **January 12, 2016**

Following a non-jury trial held October 16, 2015, Lyndsey Ellen Leh ("Appellant") was convicted of accidents involving damage to attended vehicle or property[1], driving while operating privilege is suspended or revoked[2], and duty to give information and render aid[3]. Appellant was sentenced the same day to a probationary term of twelve (12) months. Appellant filed a post-sentence motion on October 23, 2015, which we denied on November 2, 2015.

Appellant filed a notice of appeal on November 25, 2015, and we directed counsel to file a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The concise statement was timely filed on December 16, 2015. Appellant raises the following matters for appellate review:

1. The trial court erred in finding Defendant guilty of Accidents Involving Damage to Attended Vehicle or Property, 75 Pa.C.S.A. Sec. 3743(a); Driving While Operating Privileges Suspended or Revoked, 75 Pa.C.S.A. Sec. 1543(a); and Duty to Give Information and Render Aid, 75 Pa.C.S.A. Sec. 3744(a), where the evidence presented at trial was insufficient to prove beyond a reasonable doubt that Defendant was the driver of the vehicle.

2. The verdict of guilty against Defendant for Accidents Involving Damage to Attended Vehicle or Property, 75 Pa.C.S.A. Sec. 3743(a); Driving While Operating Privileges

---

[1] 75 Pa.C.S.A. § 3743(a).
[2] 75 Pa.C.S.A. § 1543(a).
[3] 75 Pa.C.S.A. § 3744(a).



Suspended or Revoked, 75 Pa.C.S.A. Sec. 1543(a); and Duty to Give Information and Render Aid, 75 Pa.C.S.A. Sec. 3744(a), is contrary to the weight of the evidence presented at trial, where testimony provided at trial was not credible to show that Defendant was the driver of the vehicle:

    a. Where the testimony provided by Robin Lehrman was incredible, inconsistent, unclear, influenced by ulterior motives, and contradicted by the testimony of Dorothy Trumbore, Vincent Gonzalez, and Lyndsey Leh.

    b. Where the testimony provided by Dorothy Trumbore was incredible, inconsistent, unclear, influenced by ulterior motives, and contradicted by the testimony of Robin Lehrman and Lyndsey Leh.

CONCISE STATEMENT, December 16, 2015.


## Factual Summary

On January 14, 2015 at approximately 6:00 p.m., Daniel Wassel left the Fire/Ambulance Station at Reed and Walnut Street in his 2005 four-door Ford Taurus sedan. NOTES OF TESTIMONY ("N.T."), Oct. 16, 2015 at 5. Wassel was driving north on Center Avenue when a 2000 Oldsmobile Alero ran the stop sign at the intersection of Center and Douglass Streets, striking the passenger side of his vehicle. *Id.* at 5, 15. Just before impact, Wassel saw that there were two female occupants in the car. *Id.* at 7. The driver appeared taller than the passenger and had a lighter hair color than the passenger. *Id.*

Wassel's car spun 180 degrees from the impact, but he turned and saw the other vehicle attempting to leave the area. *Id.* at 7–8. Wassel executed a U-turn and pursued the other vehicle, which had gotten about 100 yards away. *Id.* at 8. Wassel had lost sight of the other vehicle for only five or six seconds. *Id.* at 12. As Wassel began pursuing the car, it turned right onto North Third Street and pulled over near other parked cars. *Id.* at 8. When Wassel arrived, a woman was outside the car looking at the driver-side front of the vehicle. *Id.* A man walking his dog nearby was pointing at the car and said, "She running, she running." *Id.* at 9.

Wassel grabbed the woman, named Robin Lehrman, by the sweatshirt because he thought she was trying to flee the scene. *Id.* at 10, 23. After retrieving insurance paperwork and cigarettes from the car, Lehrman sat on the curb to smoke a cigarette until the police arrived. *Id.* Officer Daniel Cedeno of the Reading Police Department arrived shortly thereafter. *Id.* at 33.

2

Lehrman reported what had happened. Lehrman's mother, Dorothy Trumbore, owned the Oldsmobile and had lent the vehicle to Appellant and Lehrman. *Id.* at 15. Trumbore gave the keys to Lehrman with the understanding that Appellant would drive; this was due to the fact that Lehrman's license was suspended. *Id.* at 16, 18–19. Lehrman was familiar with Appellant because she had seen her at Alcoholics Anonymous ("AA") meetings in the past. *Id.* at 16, 24. There were three purposes for the trip: Appellant had a dental appointment, Appellant needed to pick up her paycheck, and they were both going to attend an AA meeting. *Id.* at 20. Appellant's workplace, Sofrito Gastro Pub, is located approximately one block from the site of the accident. *Id.* at 51.

Lehrman testified that after the accident, Appellant drove the car a short distance down the block. *Id.* at 22. Appellant then stated that she had warrants out, and she fled on foot. *Id.* While speaking with Officer Cedeno, Lehrman called Appellant and told her that she needed to return to the scene to speak with the police. *Id* at 11, 23, 34. Officer Cedeno could not hear Appellant's responses, but he did hear that it was a female voice. *Id.* at 34. Appellant did not return to the scene.

## Discussion

Appellant argues that "the evidence presented at trial was insufficient to prove beyond a reasonable doubt that Defendant was the driver of the vehicle." CONCISE STATEMENT at ¶1. Appellant also argues that her convictions are contrary to the weight of the evidence because the testimony of Robin Lehrman and Dorothy Trumbore "was incredible, inconsistent, unclear, influenced by ulterior motives, and contradicted by the testimony of [other witnesses]." *Id.* at ¶2.

### I. Appellant's verdicts were supported by sufficient evidence.

The standard of review for a sufficiency of the evidence claim is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving

3

every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001) (quoting *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000)) (citations omitted). "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict." *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) (citing *Commonwealth v. Hopkins*, 747 A.2d 910, 914 (Pa. Super. 2000)).

The Commonwealth introduced evidence that Dorthy Trumbore lent her Oldsmobile sedan to her daughter, Robin Lehrman, with the understanding that Appellant would be driving them around to some errands. Lehrman testified that Appellant was driving the car when it collided with Daniel Wassel's Ford Taurus. Immediately prior to the accident, Wassel observed two females in the Oldsmobile. Lehrman testified that Appellant ran because she had outstanding warrants. In the presence of Wassel and Officer Daniel Cedeno, Lehrman called Appellant and argued that she should return to the scene of the accident.

From this testimony, there was sufficient evidence for this Court as fact-finder to conclude that Appellant has been driving the Oldsmobile and was therefore guilty of the three offenses.

## II. Appellant's verdicts are not contrary to the weight of the evidence presented at trial.

The weight of trial evidence is a choice for the fact-finder. *Commonwealth v. West*, 937 A.2d 516, 521 (Pa. Super. 2007). Where the fact-finder renders a guilty verdict and the defendant files a motion for a new trial on the basis that the verdict was against the weight of the evidence, "a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Stays*, 70 A.3d 1256, 1267 (Pa. Super. 2013) (citing *West*, 937 A.2d at 521).

When an Appellant challenges a trial court's denial of a post-sentence motion for new trial based on weight of the evidence, the standard of review is limited to whether the trial court abused its discretion:

4

We do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

*West*, 937 A.2d at 521 (Pa. Super. 2007). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." *Id.* (citations omitted). A proper exercise of discretion, by contrast, "conforms to the law and is based on the facts of record." *Id.*

Our order denying Appellant's post-sentence motions conforms to the law and is based on the facts of record, as discussed *supra*. We reiterate that the Commonwealth introduced substantial evidence of Appellant's guilt. We further note that the testimony of each witness—with the notable exception of Appellant herself—was almost entirely consistent.

We stated prior to Appellant's sentencing that we found her testimony not to be credible, and we reiterate that finding now. N.T. 54. Appellant denied even being in the car at the time of the accident. *Id.* at 42. She also denied having a dentist appointment that day and denied that she had ever been to an Alcoholics Anonymous meeting, but acknowledged that she had been waiting for Lehrman to pick her up. *Id.* at 44. Appellant also acknowledged receiving the phone call from Lehrman at the scene of the accident, but she claimed that she did not know what Lehrman was talking about. *Id.* In addition to our findings of fact, discussed *supra*, we note that Lehrman somehow would have known that Appellant had an active warrant. We also note the purported coincidence that the accident occurred one block from Appellant's workplace; one of the intended errands that afternoon was to retrieve Appellant's paycheck.

For all these reasons, we contend that Appellant's convictions were not against the weight of the evidence and that our denial of Appellant's post-sentence motion did not constitute an abuse of discretion.

## Conclusion

For all of the foregoing reasons, this Court respectfully requests that the instant appeal be **DENIED** and the judgment of sentence **AFFIRMED.**

5



# COUNTY OF BERKS, PENNSYLVANIA
## Clerk of Courts

Courthouse, 4th Floor
633 Court Street
Reading, PA 19601-3585

Phone: 610.478.6550

BethAnn G. Hartman, Chief Deputy
James M. Polyak, Solicitor
Daryl F. Moyer, Solicitor, Emeritus

**James P. Troutman, Clerk of Courts**

**PROOF OF SERVICE**     Docket No. _28/6-r5_

I, ___Jesus Adames___ , certify that I served the within documents upon the following:

( ✓ ) District Attorney R. Keuly     ( ) Solicitor         ( ) Prison Society      ( ) CYS
( ✓ ) Public Defender K Hinm         ( ) Court Reporter    ( ) Controller         ( ) Ct Admin
( ) Adult Probation                  ( ) Prothonotary      ( ) commissioner       ( ) GAL
( ) Bureau of Traffic Safety         ( ) Sheriff           ( ) Bar Association
( ) Reading Central Court            ( ) MHMR              ( ) Reading Eagle
( ) Law Library                      ( ) Dr. Rotenberg     ( ) Beth
( ) BCP Records                      ( ) TASC              ( ✓ ) Computer
( ✓ ) Judge ___Vatron___
( ) District Justice _____
( ) Police Department _____
     On the _____ day of _____, 20 _____.

( ) Defendant and/or Claimant by mailed a certified copy thereof to the following address:

_____

_____

     On the _____ day of _____, 20 _____.

( ) Defendant's attorney by mailing a certified copy thereof to:

_____

     On the _14__ day of ___January___ , 20 _16_.

Statements in this proof of service are made subject to the penalties for unsworn falsification to authorities under the Crimes Code  4904 (18 PACS  4904).

Signature of Server

*Dedicated to public service with integrity, virtue & excellence*
**www.countyofberks.com**

COMMONWEALTH OF
PENNSYLVANIA

v.

LYNDSEY LEH,
    APPELLANT

: IN THE COURT OF COMMON PLEAS OF
: BERKS COUNTY, PENNSYLVANIA
: CRIMINAL DIVISION
:
: No. CP-06-CR-0002816-2015
:
: PAUL M. YATRON, PRESIDENT JUDGE

## NAMES AND ADDRESSES OF THOSE TO BE SERVED

☐    *Clerk of Courts*

☐    *CIS*

☐    *Counsel for the Commonwealth*
    Berks County District Attorney's Office

☐    *Defense Counsel*
    Rachel L. Keung, Esq.

    *Defense Counsel*
    Kathryn L. Hinner, Esq.

☐    *Judge*