**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE MANUEL RIVERA-VAZQUEZ | |
| Appellant | No. 1136 MDA 2016 |

Appeal from the Judgment of Sentence June 10, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001286-2016
CP-36-CR-0001287-2016
CP-36-CR-0003442-2015
CP-36-CR-0003451-2015
CP-36-CR-0005007-2015

BEFORE:   BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                          **FILED APRIL 04, 2017**

Jose Rivera-Vazquez appeals from the judgment of sentence, entered in the Court of Common Pleas of Lancaster County, following his conviction of rape-forcible compulsion, statutory sexual assault, aggravated indecent assault, involuntary deviate sexual intercourse, corruption of minors and various related charges. Counsel has filed a brief and a motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1969), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). After our review, we grant counsel's petition for leave to withdraw and affirm Rivera-Vasquez's judgment of sentence.

Pursuant to a negotiated plea agreement, the Honorable Dennis E. Reinaker sentenced Rivera-Vazquez to fifteen to forty years' imprisonment.[1] No post-sentence motions were filed. Diana C. Kelleher, Esquire, counsel for Rivera-Vazquez, filed a notice of appeal, and, thereafter, a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), claiming that Rivera-Vazquez's plea was unknowing and involuntary because he does not speak or write English. Rivera-Vazquez acknowledges this claim was not raised in a post-sentence motion or in a motion to withdraw his plea. **See** Rule 1925(b) Statement, at 1 n.1. However, Rivera-Vasquez asserts that he asked plea counsel, Michael Marinaro, Esquire, to withdraw his plea, but plea counsel did not do so.

On December 19, 2016, Attorney Kelleher filed a motion to withdraw pursuant to **Anders**, **supra**, and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Before addressing the merits of Rivera-Vazquez's underlying issue, we must first pass on counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

---

[1] At the guilty plea colloquy, the court informed Rivera-Vasquez that he faced up to 344 years in prison and a maximum fine of $461,000.00.

- 2 -

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

Here, counsel has substantially complied with these requirements. *See* Motion to Withdraw, 12/19/16; Letter to Defendant, 12/19/16; *Anders* Brief, 12/19/16. We therefore proceed to an independent review of the record to determine if, in fact, Rivera-Vasquez's claim is frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa. Super. 2006).

The guilty plea/sentencing transcript indicates that Isabel Waplinger, an interpreter, translated the proceedings from English into Spanish and from Spanish into English during the proceedings. *See* N.T. Guilty Plea/Sentencing, 6/10/16, at 2. The record, therefore, belies Rivera-Vazquez's claim. Additionally, with respect to his claim that plea counsel did not file a petition to withdraw the guilty plea, we point out that this

challenge to counsel's ineffectiveness is not reviewable on direct appeal. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Further, there is no indication that Rivera-Vasquez waived his right to collateral relief. *See Commonwealth v. Barnett*, 121 A.3d 534, 539 (Pa. Super. 2015) ("ineffectiveness claims cannot be addressed on direct appeal absent a waiver of PCRA rights").

We agree with counsel that Rivera-Vasquez's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw granted.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/2017