J-S19001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| LUIS EPIFANIO ROSARIO | : | |
| MALDONADO | : | |
| | : | |
| Appellant | : | No. 1442 MDA 2016 |

Appeal from the Judgment of Sentence October 27, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0003858-2014

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:               **FILED APRIL 19, 2017**

Appellant, Luis Epifanio Rosario Maldonado, appeals *nunc pro tunc* from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial and conviction for involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, indecent assault, and corruption of minors.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On February 17, 2014, Appellant sexually assaulted a sixteen-year-old female ("Victim").  On May 1, 2014, the Commonwealth charged Appellant with rape, sexual assault, IDSI, aggravated indecent assault, indecent

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(2), 3125(a)(3), 3126(a)(3), and 6301(a)(1)(ii), respectively.

_____

*Former Justice specially assigned to the Superior Court.

assault, unlawful restraint, and corruption of minors.

Appellant proceeded to a jury trial on July 6, 2015. At trial, Victim testified that on the night of the incident she encountered Appellant at a restaurant, where she had tried to charge her cell phone. Victim walked with Appellant to his house after he offered to let her charge her phone there. When they arrived at Appellant's house, Appellant told Victim to wait in the basement while he spoke with his wife. Victim testified that when she tried to leave, Appellant blocked the door and told her she could not leave.

Victim testified that Appellant pushed her onto a sofa in the living room, demanded she open her legs, and pushed her legs open when she refused. Victim stated that when she cried, Appellant pointed a knife at her and threatened to kill her unless she was quiet. Appellant then told Victim to pull her pants down. When Victim refused, Appellant pulled Victim's pants down, forced her legs open, and performed oral sex on her. Victim testified that Appellant forced her to lie on the kitchen floor, where he had sex with her twice. Afterwards, Appellant took Victim to the basement, where he forced her to sit in a chair and again demanded she open her legs. When Victim refused, Appellant pushed her legs open and had sex with her again. Victim testified that she fled and called the police when Appellant left her alone in the basement while he investigated a noise.

Peter Eisert, the SAFE nurse who examined Victim after the incident, also testified. Mr. Eisert said Victim had several injuries, including bruises

on her neck and tenderness in her abdomen, neck, inner thighs, and mouth. Mr. Eisert also observed a laceration on Victim's labia, which appeared recent. Mr. Eisert stated that although Victim was visibly upset when she recounted the incident to him, she was a "good historian."

Detective Clarkson testified that he interviewed Victim during the investigation. Victim identified the knife Appellant had used and accurately described the layout of Appellant's house. Detective Clarkson said that when he interviewed Appellant, Appellant assumed the police would arrest him and told Detective Clarkson he was under the influence of cocaine during the incident. Detective Clarkson stated that Appellant changed his story throughout the investigation. Appellant initially claimed Victim left his house soon after she arrived, when Appellant went to speak with his wife. Later, Appellant admitted that he had performed oral sex on Victim.

Appellant testified that he had believed Victim was nineteen years old at the time of the incident. Appellant stated he did not have sex with Victim, but engaged only in consensual oral sex with her. Appellant said he was not under the influence of cocaine during the incident. Appellant said he did not know how Victim had been able to describe the layout of his house.

Additionally, the parties stipulated to DNA evidence. Vaginal swabs of Victim produced saliva DNA consistent with Appellant's DNA. Seminal fluid DNA found on Victim's underwear, however, was inconsistent with Appellant's DNA.

On July 20, 2015, the jury convicted Appellant of IDSI, aggravated indecent assault, indecent assault, and corruption of minors. On October 27, 2015, the court sentenced Appellant to concurrent terms of seven (7) to fourteen (14) years' incarceration for IDSI, four (4) to (8) years' incarceration for aggravated indecent assault, one and a half (1½) to three (3) years' incarceration for indecent assault, and two (2) to four (4) years' incarceration for corruption of minors.

Appellant filed post-sentence motions on October 28, 2015, in which he challenged the weight of the evidence. The court denied Appellant's post-sentence motions on December 1, 2015. Appellant filed a timely notice of appeal on December 29, 2015. This Court dismissed Appellant's appeal on July 13, 2016, for failure to file a timely brief. On August 5, 2016, Appellant filed and the court granted a motion to reinstate Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a timely notice of appeal *nunc pro tunc* on September 2, 2016. The court ordered Appellant on September 20, 2016, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On October 11, 2016, Appellant's counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago,** 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for

leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *      *      *
>
> Under **Anders**, the right to counsel is vindicated by

---

[2] **Commonwealth v. McClendon,** 495 Pa. 467, 434 A.2d 1185 (1981).

counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (*See* Letter to Appellant, dated 1/9/2017, attached to Petition for Leave to Withdraw as Counsel.) In the *Anders* brief, counsel provides a summary of the relevant facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Counsel raises the following issue on Appellant's behalf:

[WHETHER] THE TRIAL COURT ERRED IN DENYING APPELLANT A NEW TRIAL WHEN THE GREAT WEIGHT OF THE EVIDENCE DEMONSTRATED THAT…VICTIM WAS NOT CREDIBLE SUCH THAT THE JURY'S VERDICT "SHOCKS THE CONSCIENCE[?]"

(*Anders* Brief at 4).

Essentially, Appellant argues his convictions were against the weight of the evidence because they were largely based on Victim's "incredible" trial testimony.  Appellant concludes this Court should grant him a new trial.  We disagree.

Our standard of review for a challenge to the weight of the evidence is as follows:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  An appellate court cannot substitute its judgment for that of the finder of fact.  Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.  Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

The Pennsylvania Crimes Code defines IDSI in relevant part as follows:

### § 3123.  Involuntary Deviate Sexual Intercourse

**(a)        Offense defined.—**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

*        *        *

(2)    by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S.A. § 3123(a)(2).    Aggravated indecent assault is defined in relevant part as follows:

### § 3125.  Aggravated Indecent Assault

**(a)        Offense defined.—**Except as provided in section 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

*        *        *

(3)    the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S.A. § 3125(a)(3).  The pertinent subsection of the indecent assault statute provides:

### § 3126.  Indecent Assault

**(a)        Offense defined.—**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine,

or feces for the purpose of arousing sexual desire in the person or the complainant and:

* * *

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S.A. § 3126(a)(3). Additionally, corruption of minors is defined in relevant part as follows:

**6301. Corruption of minors**

**(a) Offense defined.—**

(1)(i) …

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

Instantly, Victim testified at trial that, despite her protests, Appellant forced her legs open and performed oral sex on her. She also stated Appellant had nonconsensual sex with her several times. Victim testified that Appellant refused to allow her to leave his house and blocked the door when she tried to flee. Victim said Appellant threatened her with a knife throughout the incident. Mr. Eisert testified that he observed on Victim several recent injuries, including a laceration on her labia and bruises on her neck, thighs, and other body parts. Mr. Eisert also stated that Victim was a

"good historian" when she recounted to him the details of the incident. Detective Clarkson testified that during the police investigation, Victim identified the knife Appellant had used and accurately described the layout of Appellant's house. Additionally, Appellant admitted at trial that he had performed oral sex on Victim. DNA evidence taken from the Victim's vagina tested positive for Appellant's saliva.

The evidence demonstrated that Appellant had sexual contact with Victim, a minor. The testimony of Victim, Mr. Eisert, and Detective Clarkson also showed that Appellant both threatened Victim with force and injured her during the incident. Consequently, the Commonwealth established each element of the offenses at issue. *See* 18 Pa.C.S.A. §§ 3123(a)(2), 3125(a)(3), 3126(a)(3), and 6301(a)(1)(ii), *supra*. To the extent Appellant complains the jury gave undue weight to Victim's testimony, the jury was free to believe all, part, or none of the evidence. *See Champney, supra*. The trial court concluded the jury's verdict was not against the weight of the evidence. (*See* N.T. Post-Sentence Motion Hearing, 12/1/15, at 4.) Based upon the foregoing, we see no abuse of discretion in the court's decision to deny relief on Appellant's weight claim. Following our independent review of the record, we conclude the appeal is frivolous. *See Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/19/2017</u>