J-S41017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J. JESUS SANCHEZ-SALOMON | |
| Appellant | No. 2095 MDA 2016 |

Appeal from the Judgment of Sentence November 21, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002616-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 17, 2017**

J. Jesus Sanchez-Salomon appeals from the judgment of sentence, entered in the Court of Common Pleas of Lancaster County, following his conviction of driving under the influence – highest amount of alcohol,[1] and driving under the influence of alcohol or a controlled substance – general impairment.[2]  Counsel has filed a brief and a motion for leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1969), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After our review,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(c).

[2] 75 Pa.C.S.A. § 3802(a)(1).

we grant counsel's petition for leave to withdraw and affirm Sanchez-Salomon's judgment of sentence.

Pursuant to a negotiated plea agreement, the Honorable Howard F. Knisely sentenced Sanchez-Salomon to one to five years' imprisonment, a $2,500 fine, and associated costs. No post-sentence motions were filed. Counsel for Sanchez-Salomon, Melissa Porter, Esquire, filed a notice of appeal, and, thereafter, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), claiming that Sanchez-Salomon's plea was unknowing and involuntary because he does not speak or write English. *See* Rule 1925(b) Statement, 1/18/17, at 1. In his opinion, Judge Knisely notes that at no point during Sanchez-Salomon's guilty plea hearing did he "give any indication that he did not understand the proceedings or that he had any problem communicating through the certified Spanish interpreter." Trial Court Opinion, 2/6/17, at 2. At the hearing, Sanchez-Salomon did not raise any objections to his sentence nor did he file a motion to withdraw his plea prior to launching this appeal. *See id.* at 5.

Before addressing the merits of Sanchez-Salomon's underlying issue, we must first pass on counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

Here, counsel has substantially complied with these requirements. *See* Motion to Withdraw, 4/21/17; Letter to Defendant, 4/21/17; *Anders* Brief, 4/21/17. We, therefore, proceed to an independent review of the record to determine if, in fact, Sanchez-Salomon's claim is frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa. Super. 2006).

The guilty plea/sentencing transcript indicates that Rebecca Thatcher Murcia, an interpreter, translated the plea proceedings from English into Spanish and from Spanish into English. *See* N.T. Guilty Plea/Sentencing, 11/21/16, at 2. The record, therefore, belies Sanchez-Salomon's claim.

In her *Anders* brief, Attorney Porter raises an independent issue regarding Sanchez-Salomon's understanding of the immigration

consequences of his plea. ***See Anders*** Brief, 4/21/17, at 10-11. Sanchez-Salomon did not express any issues with the immigration consequences of his plea at sentencing, although the court asked him if he understood that entering a guilty plea could result in adverse immigration action, including deportation and barriers to further entry to the United States. ***See*** N.T. Guilty Plea/Sentencing, 11/21/16, at 5. His trial counsel stated that as Sanchez-Salomon is a lawful, permanent resident, "automatic deportation, as we discussed, is not an issue." ***Id.*** When asked by the court if he understood the discussion, Sanchez-Salomon replied that he did. ***Id.*** at 5. The record, therefore, does not support any immigration-related issue Sanchez-Salomon might raise.

We agree with counsel that Sanchez-Salomon's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017