**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHAN REED | : | |
| | : | |
| Appellant | : | No. 2956 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 9, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004156-2019

BEFORE: BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED AUGUST 14, 2020**

Appellant, Nathan Reed, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his guilty plea to failure to comply with registration requirements.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. In 2004, Appellant pled guilty to one count of aggravated indecent assault of a person less than sixteen years of age. The court sentenced Appellant to six (6) to twenty-four (24) months' imprisonment and required him to register as a sex offender for life.

In June 2019, police discovered Appellant had been staying at his

---

[1] 18 Pa.C.S.A. § 4915.1(a)(1).

girlfriend's home, rather than at his registered address. On August 7, 2019, the Commonwealth charged Appellant with three counts of failing to update his information. On September 9, 2019, Appellant entered a negotiated guilty plea to one count of failure to comply with registration requirements, per 18 Pa.C.S.A. § 4915.1(a)(1). Before accepting the plea, Appellant completed a written guilty plea colloquy; and the court conducted an oral plea colloquy to confirm Appellant's plea was knowing, intelligent, and voluntary. The court sentenced Appellant that same day to fifteen (15) to thirty (30) months' imprisonment. Appellant did not file a post-sentence motion.

On October 9, 2019, Appellant timely filed a notice of appeal. The court ordered Appellant on October 11, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On November 8, 2019, counsel filed a statement under Pa.R.A.P. 1925(c)(4) of his intent to file a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel filed a petition to withdraw and an *Anders* brief in this Court on January 23, 2020.

As a preliminary matter, counsel seeks to withdraw representation under *Anders* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the

appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed on appeal *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the history of this case. Counsel's argument refers to relevant law that might possibly support Appellant's issue. Counsel further states the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> Whether the negotiated guilty plea entered in this matter was knowing and voluntary[?]

- 4 -

(**Anders** Brief at 5).

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Instantly, Appellant did not seek to withdraw his guilty plea at any time orally on the record during the plea colloquy or by filing a timely post-sentence motion. Therefore, his issue on appeal is waived. **See id.**; **Lincoln, supra**. Following our independent review of the record, we agree the appeal is frivolous.[2] **See Dempster, supra**; **Palm, supra**. Accordingly, we affirm and

---

[2] During our review of this case, we discovered that the Commonwealth mischarged Appellant under Section 4915.1, when in fact, Appellant should have been charged under Section 4915.2. **Compare** 18 Pa.C.S.A. § 4915.1 (applying to individuals who committed offense on or after December 20, 2012) **with** 18 Pa.C.S.A. § 4915.2 (pertaining to individuals who committed crime on or after April 22, 1996, but before December 20, 2012). As a result, Appellant entered a negotiated guilty plea to failure to register per Section 4915.1 (Revised Subchapter H of SORNA II), rather than Section 4915.2 (Subchapter I of SORNA II). Although we conclude Appellant has waived any challenge to the validity of his guilty plea on direct review, our disposition does not preclude Appellant from pursuing a claim challenging the ineffective

grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/20

---

assistance of counsel on collateral review for failing to object to the Commonwealth's charging error. **See Commonwealth v. Grant**, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002) (stating: "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review").