J-S20015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VLADIMAR MALINAK, | : | |
| | : | |
| Appellant | : | No. 1563 MDA 2017 |

Appeal from the Judgment of Sentence entered September 13, 2017,
in the Court of Common Pleas of Wyoming County,
Criminal Division, at No(s):  CP-66-CR-0000162-2017.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 04, 2018**

Appellant, Vladimir Malinak, appeals from the Judgment of Sentence entered after Malinak pleaded guilty to the offense of a tier 1 Driving Under the Influence of Alcohol (DUI), an ungraded misdemeanor.[1]  Malinak's counsel filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California,*** 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After a full examination of all the proceedings, we find that this appeal is frivolous. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[1] 75 Pa.C.S.A. § 3802(a)(1)

On February 16, 2017, Malinak drunkenly drove off a road and struck a telephone pole. First responders arrived at the scene, and Malinak was transported to the hospital where he refused the police's request for a chemical test. Upon completion of a records check, the police learned Malinak was wanted in both Lackawanna County for a DUI as well as Pike County for failure to appear on a DUI.

On May 12, 2017, a bench warrant was issued after Malinak failed to appear at the district magistrate for his scheduled preliminary hearing regarding the February offense. Malinak was picked up on the warrant on May 24, 2017, and a hearing was held the same day. The court set bail in the amount of $15,000. Malinak could not post bail and remained incarcerated until he was sentenced 112 days later. A bench trial was set for July 19, 2017, but was continued to August 16, 2017 upon a motion from the district attorney. On August 4, 2017 Malinak pleaded guilty to one count of DUI, ungraded misdemeanor; the offense carried a gravity score of 1, and Malinak had a prior record score of 1. Malinak did not request an expedited sentencing hearing.

On September 13, 2017, after review of an extensive pre-sentence investigation (PSI) report, the trial court sentenced Malinak to pay the cost of prosecution, pay a $300 fine and undergo imprisonment in the Wyoming County Correctional Facility for a period of not less than three (3) days nor more than one hundred twelve (112) days. Malinak, having reached this maximum, was released to any detainers that were lodged against him.

Malinak's attorney filed a motion to withdraw and a timely post-sentence motion for reconsideration of sentence, both of which the trial court denied on September 21, 2017. He filed a timely Notice of Appeal on October 10, 2017. Both Malinak and the trial court complied with Pa.R.A.P. 1925.

Preliminarily, we address counsel's motion for withdrawal. To obtain permission to withdraw, counsel must file an **Anders** brief that meets the requirements stablished by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel reasonably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statuses on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must provide the appellant with a copy of the **Anders** brief along with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007). "After establishing that the antecedent requirements have been met, this Court must

then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa. Super. 2006). We find Malinak's appointed counsel substantially complied with the requirements of *Anders* and *Santiago*.

With these principles in mind, we now review the lone issue raised in counsel's *Anders* brief:

> May a court aggravate a sentence solely based upon defendant's inability to post bail?

*Anders* Brief, at 6.

In asserting that his sentence was excessive, Malinak raises a challenge to the discretionary aspects of his sentence. "Challenges to the discretionary aspects of [a] sentence are not appealable as of right." *Commonwealth v. Dempster*, 2018 Pa. Super. 121, at 4 (Pa. Super. May 8, 2018) (*en banc*) (*citing* *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015)).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth 'a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]' and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 PA.C.S. § 9781(b).

*Dempster,* 2018 Pa. Super. 121, at 4*.* (Citations omitted).

Malinak argues that his sentence of 112 days constituted an aggravated sentence under the Sentencing Code. He argues further that the only cognizable reason for the aggravated sentence was his failure to post bail; he

- 4 -

concludes that this reason is invalid. But Malinak does not present us with a substantial question that the sentence imposed is inappropriate under the Sentencing Code. We find this discretionary claim has no merit; because the trial court sentenced Malinak to 3 days to 112 days of incarceration, the sentence was not, in fact, aggravated as defined in the basic sentencing matrix of 204 Pa. Code § 303.16(a).[2] Because the question presented to us assumes the proposition that the sentence was "aggravated" due to Malinak's inability to post bail, we find the same to be frivolous.

After conducting a full examination of all the proceedings as required pursuant to ***Anders***, we discern no non-frivolous issues to be raised on appeal. ***Dempster***, 2018 Pa. Super. 121, at 4 (requiring the Superior Court "to conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated.") We therefore grant counsel's petition to withdraw and affirm Malinak's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/04/2018

---

[2] Counsel has acknowledged the same in his brief. ***See Anders*** Brief, at 9.