J-S63004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CYNTHIA GRAHAM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD COOPER, III | : | |
| | : | |
| Appellant | : | No. 1197 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 21, 2019
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. 2019-80114

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED DECEMBER 06, 2019**

Appellant, Donald Cooper, III, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his negotiated guilty plea to indirect criminal contempt, for violating a protection from abuse ("PFA") order.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On January 22, 2019, the trial court entered a temporary PFA order prohibiting Appellant from abusing, harassing, stalking or threatening Appellee, Cynthia Graham, including at her residence.  On January 31, 2019, the trial court continued in full force and effect the temporary PFA order until further order of the court and noted a hearing was scheduled for April 25, 2019.  On February 15, 2019, while the temporary PFA was still in effect, Appellee called

_____

[*] Retired Senior Judge assigned to the Superior Court.

the police because Appellant was threatening her at her home. The police immediately removed and arrested Appellant. Appellant entered a negotiated guilty plea on March 21, 2019, to one count of indirect criminal contempt for violation of the PFA. Before accepting the plea, Appellant completed a written guilty plea colloquy; and the court conducted an oral plea colloquy to confirm Appellant's plea was knowing, intelligent, and voluntary. The court sentenced Appellant that day to the negotiated sentence of six months' probation. Appellant did not file a post sentence motion.

Appellant timely filed a notice of appeal on Monday, April 22, 2019. On April 24, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 13, 2019, counsel filed a statement of intent to file a petition to withdraw and **Anders**[1] brief, per Pa.R.A.P. 1925(c)(4).

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and

_____

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that

---

[2] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

- 3 -

have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a proper letter explaining Appellant's immediate right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***.

Counsel raises the following issue on Appellant's behalf:

> WHETHER THE NEGOTIATED GUILTY PLEA ENTERED IN THIS MATTER WAS KNOWING AND VOLUNTARY.

(***Anders*** Brief at 3). Appellant has not responded to the ***Anders*** brief.

As a second preliminary matter, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the

plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). ***See also*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Instantly, Appellant did not seek to withdraw his guilty plea at any time orally on the record during the plea colloquy or by filing a timely post-sentence motion. Therefore, his issue on appeal is waived. ***See id.***; ***Lincoln, supra***. Following our independent review of the record, we agree the appeal is frivolous. ***See Dempster, supra***; ***Palm, supra***. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/6/19