J-S02022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL ALBERT SHOUP | : | |
| | : | |
| Appellant | : | No. 1373 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 24, 2019
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0002303-2017

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 21, 2020**

Appellant, Nathaniel Albert Shoup, appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following his jury trial convictions for simple assault and disorderly conduct, and bench trial conviction for harassment.[1]  We affirm and grant counsel's petition to withdraw.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]  Procedurally, we add that on October 30, 2019, counsel filed

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 5503(a)(1), and 2709(a)(1), respectively.

[2] The court ordered Appellant on June 24, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).  Appellant filed an

in this Court an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

As a preliminary matter, counsel seeks to withdraw representation under **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d

---

untimely Rule 1925(b) statement on August 2, 2019. Nevertheless, this Court may address the merits of a criminal appeal, where a defendant files an untimely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal. Here, the trial court issued an opinion addressing Appellant's complaints. Therefore, we decline to consider Appellant's issues waived. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa.Super. 2008) (*en banc*) (allowing for immediate review under these circumstances).

266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *  *  *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of

the brief and a letter explaining Appellant's right to retain new counsel or to proceed on appeal *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the history of this case. Counsel's argument refers to relevant law that might possibly support Appellant's issues. Counsel further states the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly-retained private counsel. Counsel raises the following issues on Appellant's behalf:

> DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE TO CONVICT [APPELLANT] OF DISORDERLY CONDUCT?
>
> DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE TO CONVICT [APPELLANT] OF SIMPLE ASSAULT?

(**Anders** Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. Goodman, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed August 13, 2019, at 2-5) (finding: (1) Commonwealth presented sufficient evidence for jury to convict Appellant of disorderly conduct, where Appellant "slammed" Victim into front porch

railing, chased Victim to her car, and banged on car's window until Victim called police; (2) photographs depicting Victim's injuries and testimony from Victim and witnesses provided ample evidence for jury to find Appellant guilty of simple assault). The record supports the court's decision. Following an independent review of the record, we agree with counsel that the appeal is wholly frivolous. *See Dempster, supra*. Accordingly, we affirm based on the trial court's opinion and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2020

## COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : NO. 2303-2017

            v.

NATHANIEL SHOUP,
            Defendant      :

Michael J. Stine, Assistant District Attorney – for the Commonwealth
Kent Watkins, Esquire - Public Defender for the Defendant

## OPINION PURSUANT TO PA R.A.P. 1925

GOODMAN, J.

On April 8, 2019, following a trial by jury, the Defendant was convicted of count 1- simple assault [18 Pa. C.S.A. §2701(a)(1)] and count 3- disorderly conduct [18 Pa. C.S.A. §5503(a)(1)]. The Defendant was found not guilty of count 2- recklessly endangering another person [18 Pa. C.S.A. §2705]. The Court found the Defendant guilty of count 4- summary harassment [18 Pa. C.S.A. §2709(a)(1)]. Following Defendant's conviction the Court ordered a comprehensive pre-sentence investigation and on May 24, 2019, following a thorough review of the pre-sentence investigation and a sentencing hearing, the Court ordered a standard range guideline sentence of 10 to 24 months on the simple assault charge. The Defendant was given credit for time served of 114 days in the Schuylkill County Prison. The Court imposed a 12 month concurrent sentence on the disorderly conduct charge. The Court imposed no further sentence on the harassment charge as the Court found that it merged for sentencing purposes with the sentence imposed in count 1.

A timely appeal to the judgment of sentence was filed. On June 24, 2019, this Court directed the Defendant to file a concise statement of matters complained of on appeal in

1

accordance with *Pa. R.A.P. 1925.* The Defendant filed a concise statement of matters complained of on appeal on August 2, 2019. The Defendant raises the following issues:

1. The evidence presented in the case did not support a finding of disorderly conduct. The verdict is contrary to law.

2. The guilty verdict on the charge of simple assault is contrary to law. The Commonwealth failed to prove intentional conduct on the part of the Defendant.

The testimony presented at time of trial, that this Court found credible, revealed that on the afternoon of October 12, 2017 the Defendant went to his residence on Catherine Street in Shenandoah, where his girlfriend Monica Margerum was moving out. The Defendant's girlfriend had her two sisters; Melissa Miller and Stephanie Metcalf help her move out her belongings. Monica also called the Defendant's mother to be at the house when she was moving out. The Defendant became angry at the sisters when Stephanie made a rude remark. The Defendant picked up a lamp pole and shook it at the girls and then broke it over his knee. The Defendant rushed at the sisters and put Monica and Melissa in a headlock. The Defendant hit Melissa's head off a wall. Stephanie was pushed by the Defendant and went flying over the sofa. The Defendant's mother tried to intervene and the Defendant threw her across the room. Monica and Melissa were able to break free from the headlock and Melissa tried to run to the front door. The Defendant followed Melissa and slammed her into the railing on the front porch where she hurt her ribs and upper arm. Melissa was able to get away and run to her car. The Defendant ran after Melissa banged on her car window several times where she was parked in a residential neighborhood.

The Defendant claims that the evidence presented in this case did not support the finding of disorderly conduct and that the verdict is contrary to law. In assessing a claim that the

2

evidence is insufficient to sustain the verdict (sufficiency of the evidence), the Court must view the evidence and all reasonable inferences arising therefrom in a light most favorable to the Commonwealth to determine whether the Commonwealth has sustained its burden of proof in showing each and every element of the offense beyond a reasonable doubt. *Commonwealth v. Swerdlow, 431 Pa. Super. 453, 636 A.2d 1173 (1994).*

The Defendant contends that there was insufficient evidence to prove the elements of disorderly conduct. The Disorderly Conduct offense is defined at *18 Pa. C.S.A. §5503* as:

(a) **Offense defined**- A person is guilty of disorderly conduct if, with intent to cause public inconvenience annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(b) **Grading**- An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.

(c) **Definition**- As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

The Defendant slammed Melissa Miller into the railing on the front porch of a house located in a residential neighborhood in the Borough of Shenandoah. The Defendant then chase Ms. Miller to the car and banged on her window several times until she got out her phone and called the police. There was sufficient evidence for the jury to conclude that the Defendant engaged in violent behavior with the intent to cause public inconvenience or that he recklessly created a risk of public inconvenience.

The Defendant argues that the verdict on the charge of simple assault is contrary to law and the Commonwealth failed to prove intentional conduct on the part of the Defendant. When presented with a claim that the evidence was insufficient to sustain a conviction, the Court must view all the evidence admitted at trial in the light most favorable to the verdict winner, and assess whether or not there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying this test, the Court may not weigh the evidence and substitute the court's judgment for that of the fact finder. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence, and doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Hawkins*, 549 Pa. 352, 701 A.2d 492 (1997). *Commonwealth v. Bullick*, 2003 Pa. Super. 285, 830 A.2d 998 (2003) (further citing references omitted).

The offense of Simple Assault defined at *18 Pa. C.S.A. §2701* as:

(a) **Offense defined-** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

> (1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another.

The Defendant argues that the Commonwealth failed to prove intentional conduct on the part of the Defendant. Under the simple assault statute if bodily injury is caused by the Defendant then the Commonwealth must show that the Defendant intentionally, knowingly, or recklessly caused

4

bodily injury to another. Melissa Miller was the victim of the simple assault charge. She presented photographs that depict injuries she suffered which included red marks on her wrists and the back of her neck. She described the pain she suffered when she was put in a head lock and when the Defendant hit her head off the wall. She also testified that she could not breathe when the Defendant slammed her into the railing and she testified she had bruises underneath her arm. She testified that as a result of the incident she was sore between her arms and ribs for several days. Clearly there is ample evidence for the jury to conclude that Melissa Miller suffered bodily injury.

Also the testimony of Melissa Miller and her two sisters demonstrated the Defendant was in a rage when he shook a lamp at them and broke it over his knee. The Defendant then charged Melissa Miller and her sister Monica and put the two of them in a head lock. The Defendant also banged Melissa Miller's head into the wall. When she tried to run from the house the Defendant slammed her into the railing causing her injuries. It was up for the jury to assess the credibility of the witnesses and obviously the jurors and this Court found the testimony of Melissa Miller and her sisters credible and that of the Defendant not credible. There was sufficient evidence to find the Defendant guilty of simple assault and disorderly conduct.

5