J-S01022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW JOHN WEAVER | : | |
| | : | |
| Appellant | : | No. 842 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 13, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-SA-0000337-2023

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:         **FILED: JANUARY 28, 2025**

Appellant, Andrew John Weaver, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his bench trial conviction for driving with a suspended license.[1] We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this case are as follows. On August 23, 2023, Pennsylvania State Trooper Kyle Schiltz was dispatched to investigate downed electrical wires on Bowmansville Road in Brecknock Township, Lancaster County. He observed a green pickup truck driving south on Bowmansville Road and, after running the plate, discovered that the vehicle's registration was expired. Trooper Schiltz identified Appellant as the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

driver, checked Appellant's driving record, and determined that Appellant's license was suspended. Trooper Schiltz did not immediately stop Appellant because he needed to attend to the downed wires. Later that day, Trooper Schiltz went to Appellant's workplace and observed Appellant and his truck. He then issued Appellant a citation for driving with a suspended license (DUI-related).[2]

On November 28, 2023, a magisterial district judge conducted a summary trial and found Appellant guilty of driving with a suspended license. The court imposed a sentence of 60 days' house arrest, in addition to fines and costs. On December 28, 2023, Appellant timely filed a notice of appeal seeking a trial *de novo* in the Court of Common Pleas.

On May 13, 2024, the trial court found Appellant guilty of driving with a suspended license. That same day, the court imposed a sentence of 60 days' house arrest, in addition to fines and costs. Appellant timely filed a notice of appeal on June 12, 2024. On July 11, 2024, counsel filed a statement of intent to file a petition to withdraw pursuant to Pa.R.A.P. 1925(c)(4).

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record,

---

[2] Appellant's license was suspended following a chemical test refusal on October 15, 2022; his one-year suspension began on November 28, 2022.

counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *See Santiago, supra* at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." *Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra* our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw.  The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal.  Counsel subsequently sent a copy of the *Anders* brief to Appellant.  Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

In the *Anders* brief, counsel summarized the facts and procedural history of Appellant's case.  The argument section of the brief cites to portions of the record that might arguably support Appellant's issue on appeal.  Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous.  Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.  *See Reid, supra*.

Appellant has not responded to the *Anders* brief *pro se* or with newly retained private counsel.  Counsel raises the following issue on Appellant's behalf:

Should appellate counsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?

(**Anders** Brief at 4).

Appellant argues that the Commonwealth presented no evidence that he had driven the car in question. Appellant asserts that the police officer was required to stop him while Appellant was driving the vehicle in order to charge him with driving with a suspended license. Appellant concludes the evidence was insufficient to sustain his conviction on these grounds. We agree with counsel that Appellant is not entitled to relief on these claims.

A challenge to the sufficiency of the evidence is governed by the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

- 5 -

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).  This

Court has further explained:

> [E]vidence of identification need not be positive and certain to sustain a conviction.  Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator.  ... Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa.Super. 2011) (*en banc*),

*appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations omitted).

At the time of Appellant's conviction, the relevant statute read:

> **§ 1543. Driving while operating privilege is suspended or revoked**
>
> **(b) Certain offenses.--**
>
> (1) The following shall apply:
>
>> (i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than

90 days.

75 Pa.C.S.A. § 1543(b)(1)(i).

Instantly, Trooper Schiltz observed a green pickup truck on the road, ran the registration, and visually matched Appellant, the driver of the vehicle, with his Pennsylvania Justice Network ("JNET") photograph. Further, Trooper Schiltz determined that Appellant's license was suspended after running his driving record. Trooper Schiltz went to Appellant's workplace, where he observed Appellant and the same truck he had seen earlier on the road. Trooper Schiltz also identified Appellant in court as the driver. Although Appellant argued that other people had permission to use his truck, the trial court as fact-finder was free to credit the testimony of the trooper. **See Jones, supra**.

Additionally, Appellant has not cited any legal authority to support his claim that he could only be charged for driving with a suspended license at the moment when he was actually driving the vehicle. The statutory language contains no such requirement. **See** 75 Pa.C.S.A. § 1543(b)(1)(i).

Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's conviction for driving with a suspended license. **See Jones, supra**; **Bullick, supra**. To the extent Appellant argues that the trooper misidentified him as the driver of the vehicle, such claim properly attacks the weight of the evidence, not its sufficiency. **See Orr, supra**. Further, our independent review of the record does not

reveal any additional, non-frivolous issues.  ***See Palm, supra***.  Accordingly,

we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/28/2025