J-S11030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEYLYE MAKEEL DOMINIQUE | : | |
| MOSIER | : | |
| | : | No. 938 WDA 2024 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered July 11, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000202-2023

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:            **FILED: May 30, 2025**

Appellant, Keylye Makeel Dominique Mosier, appeals from the judgment of sentence entered in the McKean County Court of Common Pleas, following his guilty plea to two counts of firearms not to be carried without a license, and one count each of resisting arrest and driving an unregistered vehicle.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On April 27, 2023, the Commonwealth filed a criminal information charging Appellant with three counts of firearms not to be carried without a license, graded as a third-degree felony, one count each of resisting arrest, possession of a small amount of marijuana, possession of drug paraphernalia, and five

---

[1] *See* 18 Pa.C.S.A. §§ 6106(a), 5104, and 75 Pa.C.S.A. § 1301(a), respectively.

summary offenses. On May 17, 2024, Appellant agreed to plead guilty to two counts of firearms not be carried without a license, graded as a first-degree misdemeanor, and one count each of resisting arrest and driving an unregistered vehicle.[2] The Commonwealth agreed to withdraw the remaining charges and recommend an aggregate sentence of six to twelve months' incarceration followed by two years of probation.

At the plea hearing, the court reiterated that the Commonwealth's sentencing recommendation was non-binding on the court. Appellant confirmed that he wished to plead guilty. The court referenced the prior day's proceeding, during which the court outlined the rights that Appellant would waive by pleading guilty, including the right to a jury trial, the presumption of innocence, and the Commonwealth's burden of proof. The court inquired whether Appellant understood those rights and Appellant affirmed that he did. Appellant's counsel also represented that he verbally reviewed the guilty plea colloquy and the plea agreement with Appellant prior to the hearing.[3]

The Commonwealth provided the following factual basis for Appellant's charges:

> …[T]the Commonwealth is prepared to prove beyond a reasonable doubt that on or about Friday, the 17th day of

---

[2] At the plea hearing, the Commonwealth moved to amend the information to change the grading of the firearms not to be carried without a license counts from a felony of the third degree to a misdemeanor of the first degree. The court granted the motion.

[3] Appellant's counsel filed the written guilty plea colloquy and agreement on May 21, 2024.

February, 2020 … [Appellant] did commit the following crimes.

Count 1, resisting arrest or other law enforcement, graded as a misdemeanor, and that he did with the intent to prevent a public … servant from affecting a lawful arrest, employed physical resistance to such an extent that the law enforcement personnel had to exert substantial force to overcome that resistance. That would specifically be Trooper Hunter Freer.

At count 2, … as amended is firearms not to be carried without a license. It is a misdemeanor of the first degree. And count 3, as amended, is firearms not to be carried without a license, it is a misdemeanor of the first degree.

On each of these, there are several sentencing options. So, we would note for the court that [Appellant] is ineligible to possess a license. And that the charge would be that the weapon that he possessed was either loaded or had ammunition available. That would be relative to both count 2 and count 3. And finally, for count 9, … registration and certificate of title required[,] a summary offense. He did drive a vehicle that was not properly registered.

(N.T. Plea Hearing, 5/17/24, at 9-10). Appellant affirmed that the factual basis as stated by the Commonwealth was accurate. The court accepted Appellant's guilty plea to the above-mentioned offenses as knowing, intelligent, and voluntary.

On July 11, 2024, the court sentenced Appellant to an aggregate term of five to twelve months' incarceration, followed by one year of probation.[4] Appellant did not attempt to withdraw his plea at the sentencing hearing or

---

[4] Thus, the court imposed a sentence that was lower than the sentence recommended by the Commonwealth.

file a post-sentence motion. On July 29, 2024, Appellant's plea counsel filed a motion to withdraw as counsel, noting that Appellant raised allegations that plea counsel provided ineffective assistance and coerced Appellant into entering a guilty plea. Before the court ruled on the motion to withdraw, plea counsel filed a timely notice of appeal on Appellant's behalf on August 5, 2024. On August 14, 2024, the court permitted plea counsel to withdraw and appointed new counsel to represent Appellant on direct appeal. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 8, 2024, appellate counsel filed a statement of intent to file a petition to withdraw pursuant to Pa.R.A.P. 1925(c)(4).

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is

sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra*** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
>       *    *    *
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that

have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal. Counsel subsequently sent a copy of the ***Anders*** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention. In the ***Anders*** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issues on appeal. Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***. ***See Reid, supra***.

Appellant has not responded to the ***Anders*** brief *pro se* or with newly retained private counsel. Counsel raises the following issues on Appellant's behalf:

> Whether Appellant's claims related to the voluntariness of his plea are meritorious non-frivolous issues that can be raised in this direct appeal and whether the claims require relief?
>
> Whether Appellant's claims of ineffective assistance of counsel related to Appellant's plea entry are meritorious non-frivolous issues that can be raised in this direct appeal and whether the claims require relief?

(***Anders*** Brief at 4-5).

In his issues combined, Appellant asserts that plea counsel failed to properly inform Appellant of the terms of his plea agreement, and he did not fully understand it when he entered his plea. Appellant also claims that he felt pressured by plea counsel to enter a guilty plea. Additionally, Appellant avers that plea counsel provided ineffective assistance by failing to properly evaluate and apprise Appellant of a viable defense to his firearms charges. Appellant concludes that this Court should vacate his judgment of sentence because his guilty plea was not knowing or voluntary, and plea counsel provided ineffective assistance of counsel. We disagree.

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). Additionally, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Id.* at 609-10 (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file timely post-sentence motion to withdraw plea). *See also* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Instantly, the record makes clear that Appellant did not preserve a challenge to the validity of his guilty plea orally at the plea hearing or in a timely filed post-sentence motion. Thus, this claim is waived. **See Lincoln, supra**. Regarding Appellant's claim that plea counsel provided ineffective assistance by failing to properly evaluate and inform Appellant of viable defenses to the charges against him, that claim must await collateral review. **See Commonwealth v. Rosenthal**, 233 A.3d 880 (Pa.Super. 2020) (stating general rule that ineffectiveness claims are not cognizable on direct appeal and must be deferred until collateral review). Following our independent review of the record, we agree the appeal is frivolous. **See Dempster, supra**; **Palm, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2025