J-S28035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                                         :
                v.                         :
                                         :
                                         :
MATTHEW PAUL SEFCIK             :
                                         :
          Appellant            :         No. 287 MDA 2025

Appeal from the Judgment of Sentence Entered January 30, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-SA-0000124-2024

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:            **FILED: SEPTEMBER 3, 2025**

Appellant, Matthew Paul Sefcik, appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas, following his bench trial conviction for scattering rubbish.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On August 12, 2023, Lori Frantz was operating a produce stand on her property. Ms. Frantz was in the process of selling corn from the bed of a pickup truck when she looked up and observed a blue van coming down the road. The driver of the van pulled into the parking lot and Ms. Frantz observed trash thrown from the driver's side of the van. She approached the van and asked the driver to pick up the trash he had thrown on her property, but the driver

---

[1] 18 Pa.C.S.A. § 6501(a)(1).

did not acknowledge her. Ms. Frantz again requested that the driver pick up the trash and when he did not respond again, she stated that she would call the police. Ms. Frantz also observed a woman in the passenger side of the vehicle. Ms. Frantz called the police, and she also noted the vehicle's Maryland license plate before the driver drove away.

Officer John Brady of the Washington Township Police Department responded to the scene. Dispatch advised him that the car had a Maryland registration and the registered owner came back to a Sabillasville address. At Ms. Frantz's property, she provided Officer Brady with a bag of wrappers that she had picked up, and described the individual who she had seen throw the trash as an older gentleman, partially bald up front, with "scraggly hair." (N.T. Trial, 1/30/25, at 6). Officer Brady ran the Maryland registration, which came back to the van, and obtained the address of the van owner. Officer Brady went to the residence and spoke to Appellant, who matched the description provided by Ms. Frantz. The van parked in the driveway had the same Maryland registration reported to dispatch. After speaking with Appellant, Officer Brady explained that he would be filing a non-traffic citation for littering.

On July 9, 2024, Appellant appeared before the magistrate district judge, who found Appellant guilty of scattering rubbish. The next day, Appellant timely filed a notice of appeal from the summary conviction to the Court of Common Pleas.

On January 30, 2025, the trial court found Appellant guilty of scattering

- 2 -

rubbish and, that same day, sentenced Appellant to a $75.00 fine. Due to Appellant's use of a wheelchair, the court waived a statutory requirement that Appellant perform community service by picking up litter.

On February 27, 2025, Appellant timely filed a notice of appeal. The next day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On March 19, 2025, counsel for Appellant filed a statement of intent to withdraw pursuant to Pa.R.A.P. 1925(c)(4).

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d

- 3 -

266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief.  To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *    *    *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw.  The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal.  Counsel subsequently sent

a copy of the **Anders** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issues on appeal. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. **See Reid, supra**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> Whether the trial court committed an error of law and whether the conviction is supported by competent evidence?

(**Anders** Brief at 10).

Appellant argues that his conviction for scattering rubbish is not supported by competent evidence. Appellant concedes that the items were deposited on Ms. Frantz's property, and that they were not her items. Nevertheless, Appellant claims (1) there was no proof that the items deposited met the statutory definition of rubbish; and (2) there was no evidence proving that Appellant caused the items to be deposited on Ms. Frantz's property. Appellant concludes that we must overturn his conviction on these grounds. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

The Pennsylvania Crimes Code provides, in relevant part,

**§ 6501. Scattering rubbish**

**(a) Offense defined.--**A person is guilty of an offense if he:

> (1) causes any waste paper, sweepings, ashes, household waste, glass, metal, refuse or rubbish, or any dangerous or detrimental substance to be deposited into or upon any road, street, highway, alley or railroad right-of-way, or upon the land of another or into the waters of this Commonwealth….

18 Pa.C.S.A. § 6501(a)(1).

Instantly, the evidence established that the items thrown on Ms. Frantz's property consisted of "several wrappers," which Ms. Frantz asked Appellant to remove and which she later collected into a bag. (**See** N.T. Trial, 1/30/25, at 6). Further, Ms. Frantz testified that while she did not see Appellant throw the trash, she saw trash coming out of the driver's side window of the van registered to Appellant, and when she went to confront Appellant, he was seated in the driver's seat of the van. (**See id.** at 13). Viewed in the light most favorable to the Commonwealth as verdict-winner, this evidence was sufficient to prove that Appellant was the person who caused waste paper and/or household waste to be deposited onto Ms. Frantz's land, to sustain Appellant's conviction. **See Sebolka, supra**; 18 Pa.C.S.A. § 6501(a)(1). Following our independent review of the record, we agree the appeal is frivolous. **See Dempster, supra**; **Palm, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw is granted.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/03/2025